UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON COLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GRAVY ANALYTICS, INC., VENNTEL, INC., and UNACAST INC.,<br><br>Defendants. | Case No.: 1:25-cv-00470-CPO-AMD |
| TONYA AKES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GRAVY ANALYTICS, INC., VENNTEL, INC., and UNACAST INC.,<br><br>Defendants. | Case No.: 1:25-cv-00816-CPO-AMD |

**ORDER CONSOLIDATING CASES AND**
**APPOINTTING INTERIM CLASS COUNSEL**

This matter, having come before the Court by Plaintiffs in the above-captioned matters, by their Motion to Consolidate Cases and Appoint Interim Class Counsel ("Motion") pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, Memorandum in Support, and the Complaint in all actions, and having found that the cases involve some of the same issues of fact and law, grow out of the

1

same alleged data breach involving Defendants Gravy Analytics, Inc. ("Gravy"), Venntel, Inc. ("Venntel"), and Unacast Inc. ("Unacast," collectively "Defendants"), have many of the same claims, and have proposed class definitions that will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact and does not increase the risk of an unfair outcome, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.  *Cole v. Gravy Analytics, Inc., et al*, No. 1:25-cv-00470-CPO-AMD (D.N.J.) and *Akes v. Gravy Analytics, Inc., et al*, No. 1:25-cv-00816-CPO-AMD (D.N.J.) (collectively the "Related Actions") (collectively the "Related Actions"), pursuant to Fed R. Civ. P. 42(a), as well as any future related actions that may be filed in, removed to, or transferred to this District and put before the Honorable Christine P. O'Hearn shall be consolidated pursuant to FED. R. CIV. P. 42(a) before the Honorable Christine P. O'Hearn (hereafter the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case 1:25-cv-00470-CPO-AMD and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Gravy Analytics, Inc. Location Data Breach Litigation<br><br>This Documents Relates To:<br><br>_____ | Master File No.: 1:25-cv-00470-CPO-AMD |

3. The case file for the Consolidated Action will be maintained under Master File No. 1:25-cv-00470-CPO-AMD. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "1:25-cv-00470-CPO-AMD."

4. The Court hereby appoints Diana J. Zinser of Spector Roseman & Kodroff, P.C. and Jessica A. Wilkes of Federman & Sherwood as interim co-lead class counsel to act on behalf of the Plaintiffs and the putative Class with the responsibilities set forth below:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

e. Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

      h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

      i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

      j. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

      k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

      l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

      m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

5. The Court hereby appoints Stanley O. King of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. as interim liaison counsel with the responsibilities set forth below:

      a. Maintain and distribute to co-counsel and to Defendants' liaison counsel an up-to-date service list;

5

    b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

    c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

    d. Establish and maintain a document depository; and

    e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by lead interim class counsel.

6. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Amended Complaint ("CAC") within 45 days of this Order. Within 30 days of filing the CAC, Defendants shall file an Answer to the CAC or a pre-motion letter advising of their intent to file a motion to dismiss and requesting a pre-motion conference as set forth in Judge O'Hearn's Judicial Preferences. If, after completing the pre-motion conference process, Defendants file a motion to dismiss, Plaintiffs shall have 30 days from the motion's filing to file opposition and Defendants shall have 21 days to file a reply in further support of their motion.

    **IT IS SO ORDERED.**

Dated: February 26, 2025          _/s/ Christine P. O'Hearn_
                                             THE HONORABLE CHRISTINE P. O'HEARN
                                             UNITED STATES DISTRICT COURT JUDGE